# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL JONES MURPHY and PRESTON WAYNE VILLINES,<br><br>   Plaintiffs,<br><br> v.<br><br>K. CLARK, et al.,<br><br>   Defendants. | Case No. 1:19-cv-00206-EPG (PC)<br><br>ORDER SEVERING PLAINTIFFS' CLAIMS AND DIRECTING CLERK TO OPEN NEW ACTION FOR PLAINTIFF VILLINES<br><br>THIRTY-DAY DEADLINE FOR EACH PLAINTIFF TO FILE AN AMENDED COMPLAINT IN THEIR OWN CASE |

## I. BACKGROUND

John Murphy and Preston Villines ("Plaintiffs") are state prisoners proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983, which includes state law claims. Plaintiffs filed the complaint commencing this action on February 13, 2019. (ECF No. 1).

## II. SEVERANCE OF CLAIMS

After reviewing the complaint, the Court has determined that each Plaintiff should proceed separately on his own claims. Federal Rules of Civil Procedure 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See, e.g, Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296-97 (9th Cir.

2000); Maddox v. County of Sacramento, 2006 WL 3201078, *2 (E.D. Cal. Nov. 6, 2006).

Actions brought by multiple plaintiffs proceeding *pro se* in which one or more of the plaintiffs are incarcerated presents procedural problems that can cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, and the changes in address that occur when inmates are released on parole. Moreover, the difficulties faced by inmates who attempt to communicate with each other can cause additional delay and confusion. Therefore, Plaintiffs' claims will be severed. Plaintiff Murphy shall proceed as the sole plaintiff in this action, and a new action shall be opened for plaintiff Villines. Each plaintiff shall be solely responsible for prosecuting his own action.

Since the claims of Plaintiffs will be severed, each Plaintiff shall be given thirty days to file, in his own action, an amended complaint.

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but each plaintiff must state what each named defendant did that led to the deprivation of the plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 676; Jones v. Williams, 297 F.3d 930, 934 9th Cir. 2002). Each plaintiff must set forth "sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Id. at 676. Each plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934. Plaintiffs are advised that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Each plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of the plaintiff's rights. Each plaintiff should also describe any harm he suffered as a result of the violation. Plaintiffs should note that although they have been given the opportunity to file amended complaints, it is not for the purpose of adding new defendants for unrelated issues.

Plaintiffs are advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Once

an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

## III. CONCLUSION AND ORDER

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Murphy shall proceed as the sole plaintiff in case number 1:19-cv-00206-EPG;
2. The claims of plaintiff Murphy are severed from the claims of plaintiff Villines;
3. The Clerk of the Court is directed to:
   a. Open a separate § 1983 action for plaintiff Preston Wayne Villines, BO-9881, California State Prison, Corcoran, P.O. Box 8800, Corcoran, CA 93212.
   b. Assign the new action to the Magistrate Judge to whom the instant case is assigned;
   c. File and docket a copy of this order in the new action opened for plaintiff Villines;
   d. Docket plaintiff Villines's application to proceed in forma paupers (ECF No. 3), which was filed in the instant action, in the new action opened for plaintiff Villines.
   e. Docket a copy of the complaint (ECF No. 1), which was filed in the instant action, in the new action opened for plaintiff Villines;
   f. Send each plaintiff a copy of the complaint (ECF No. 1) that was filed in this action on February 13, 2019, bearing the case number assigned to that plaintiff's action;
   g. Send each plaintiff a § 1983 civil rights complaint form; and

4. Within **thirty (30) days** from the date of service of this order, each plaintiff shall file an amended complaint bearing his own case number. Each amended complaint should be clearly and boldly titled "First Amended Complaint;" and

5. <u>Failure to comply with this order may result in a recommendation that the action be dismissed</u>.

IT IS SO ORDERED.

Dated: **February 13, 2019**  /s/ Erin P. Groj
UNITED STATES MAGISTRATE JUDGE