UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL JONES MURPHY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. RODRIGUEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00206-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, MOTION TO PROVIDE PLAINTIFF WITH OUTSIDE PSYCHOLOGIST, MOTION FOR A COURT APPOINTED INDEPENDENT INVESTIGATOR, AND REQUEST FOR COURT TO SERVE REPLY<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR ORIGINAL COPY OF REPLY AND DIRECTING CLERK TO SEND PLAINTIFF THE ORIGINAL COPY OF HIS REPLY TO DEFENDANTS' ANSWER (ECF NO. 47)<br><br>(ECF NO. 47) |

**I.    PLAINTIFF'S REQUESTS**

John Paul Jones Murphy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 6, 2020, Plaintiff filed a reply to Defendants' answer, which is over 230 pages.[1]

---

[1] Plaintiff should not include motions as attachments to other filings. The Court will not comb through Plaintiff's filings in order to attempt to find his requests for relief. Unrelated motions should be filed separately and should clearly request the relief Plaintiff is seeking

1

(ECF No. 47). Included with Plaintiff's reply was, among other things, a motion for appointment of pro bono counsel (ECF No. 47, p. 14), a motion for the Court to provide Plaintiff with an outside psychologist (id.), a motion for the Court to appoint an independent investigator (id. at 16), and a request for the Court to serve Plaintiff's reply and return the original copy to him (ECF No. 47-1, p. 99).

Plaintiff asks the Court to serve his reply and return the original documents to him because he is unable to make copies due to restrictions placed upon him because of the COVID-19 pandemic.

Plaintiff asks to be provided with an outside psychologist because he cannot talk to the "state sponsored" psychologist due to their closeness with California Department of Corrections and Rehabilitation ("CDCR") officers. This closeness makes it impossible for Plaintiff to disclose the emotional trauma being suffered due to the fear that it will be disclosed to Defendants or other CDCR employees.

Plaintiff asks for appointment of an independent investigator to collect photographic evidence that will show that Defendants are making false claims to the Court.

Plaintiff asks for appointment of pro bono counsel because he does not want to have to suffer the trauma of having to relive the events just to answer Defendants' accusations.

## II.    ANALYSIS

As to Plaintiff's request for the Court to serve his reply, it will be denied as moot because Defendants received an electronic copy from the Court when the reply was docketed. The Court will order that no further service of the reply is necessary.

As to Plaintiff's request that the Court return the original copy of his reply to him, the Court finds good cause to grant this request and will direct the Clerk of Court to return the original copy to Plaintiff.

As to Plaintiff's request that the Court provide Plaintiff with an outside psychologist, it will be denied. Plaintiff cited to no legal authority allowing the Court to provide a psychologist to Plaintiff in a situation such as this, and the Court is aware of none.

As to Plaintiff's motion for appointment of an investigator, it will be denied. Plaintiff

cited to no legal authority requiring the Court to appoint an investigator, and the Court is aware of none. Additionally, the Court does not see a need for an investigator to be appointed at this time.

As to Plaintiff's request for appointment of pro bono counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims. Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

**III.    ORDER**

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiff's request for the Court to serve his reply is DENIED. Given the electronic filing of this document, the Court will not require further service of this document.
2. Plaintiff's request for the Court to return the original copy of his reply is GRANTED.
3. Plaintiff's motion to provide Plaintiff with outside psychologist is DENIED.
4. Plaintiff's motion for a court appointed independent investigator is DENIED.

3

5. Plaintiff's motion for appointment of pro bono counsel is DENIED, without prejudice.

6. The Clerk of Court is directed to send Plaintiff the original copy of his reply to Defendants' answer (ECF No. 47).

IT IS SO ORDERED.

Dated:   **July 9, 2020**                              /s/ Erica P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE