UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL JONES MURPHY,<br><br>                            Plaintiff,<br><br>      v.<br><br>R. RODRIGUEZ, et al.,<br><br>                          Defendants. | Case No. 1:19-cv-00206-DAD-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S LETTER BRIEF FILED APRIL 14, 2020<br><br>(ECF NO. 28)<br><br>THE CLERK OF COURT IS DIRECTED TO SEND A COPY OF THIS ORDER TO THE WARDEN OF CALIFORNIA STATE PRISON, CORCORAN, AND THE LITIGATION COORDINATOR AT CALIFORNIA STATE PRISON, CORCORAN |

      John Paul Jones Murphy ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

      On April 14, 2020, Plaintiff filed a letter brief. (ECF No. 28). In the letter brief, Plaintiff alleges that he was retaliated against several times because he is prosecuting this lawsuit. Additionally, Plaintiff's call with defense counsel regarding settlement took place in the presence of six officers, including Sergeant Vasquez, who Plaintiff has a staff complaint against for interfering with this lawsuit. Plaintiff believes this was a means of intimidation. Plaintiff asks the Court to admonish the Attorney Generals Office and its agents, that guidelines be set in place to ensure privacy during future discussions, and that sanctions be imposed against the Attorney Generals Office, the California Department of Corrections and Rehabilitation ("CDCR"), and/or HFM-PIA.

On May 6, 2020, Plaintiff filed a second letter brief. (ECF No. 35). In the letter brief Plaintiff alleges that he was once again retaliated against because he is prosecuting this lawsuit. Plaintiff asks the Court to monitor and sanction the CDCR and its agents.

On May 15, 2020, the Warden of Corcoran State Prison filed a response to Plaintiff's first letter brief, including several declarations. (ECF No. 37). The Warden alleges that Plaintiff's allegations are "unsubstantiated and untrue." (Id. at 1). As to Plaintiff's allegations regarding the settlement call with defense counsel, the call took place in a Sergeant's office. "Once the call was placed, Vasquez proceeded to work on unrelated paperwork at his desk. He did not access documents pertaining to Murphy or show them to other Correctional Sergeants during the call. The only reason other correctional staff would have come into the Sergeant's office was to access radio equipment. Vasquez does not recall anything done to intimidate Murphy during that call." (Id. at 3) (citations omitted).

On June 15, 2020, Plaintiff filed his reply. (ECF No. 42). Plaintiff alleges that the Warden's response is "untrue" and that the declarations provided are "perjurious." (Id. at 1). Plaintiff also makes numerous discovery requests so that he can show the Court that he is telling the truth.

At the outset, the Court notes that it does not appear that the alleged retaliatory acts are preventing Plaintiff from prosecuting this action. That is, Plaintiff has been able to file documents and meet court deadlines.

As to Plaintiff's allegations, Plaintiff appears to be attempting to prosecute an entire separate lawsuit via "letter briefs," including requests for discovery and requests for damages. This is not appropriate. If Plaintiff wants to seek damages and/or injunctive relief based on his allegations of retaliation, Plaintiff should file a separate lawsuit regarding those allegations or amend or supplement his pleading in this action to add retaliation claims.[1] Accordingly,

---

[1] In Plaintiff's reply, asks the Court to "name S. Ramirez a party to this suit for her actions." (ECF No. 42, p. 5). This is not the appropriate way for Plaintiff to amend or supplement his complaint. If Plaintiff wants to amend or supplement his complaint, he must have the opposing parties' consent or file a motion for leave to amend his complaint. Fed. R. Civ. P. 15. If Plaintiff chooses to file such a motion, he must include a copy of the proposed amendment or supplement that is complete in itself. Local Rules 137(c) & 220.

Plaintiff's requests for the Court to sanction, admonish, and monitor nonparties will be denied, without prejudice to Plaintiff filing a separate action or a motion to amend or supplement his complaint in this action.

As to Plaintiff's request for privacy in future settlement discussions, it will be granted in part. A settlement conference is scheduled to be held in this case on September 1, 2020, at 10:30 a.m. (ECF No. 36). Settlement conferences ordinarily take place in a confidential setting at the courthouse. However, in light of the coronavirus (COVID-19) outbreak and the evolving coronavirus protocols, the settlement conference will likely be conducted telephonically or by some other remote means. It appears to be undisputed that Plaintiff was not provided with privacy during his telephonic discussions with defense counsel. It is important that Plaintiff be given privacy during the settlement conference. Settlement conferences are not public events. Plaintiff will be expected to discuss confidential information with the judge presiding over the conference, and may also choose to make confidential statements to defense counsel. Additionally, it appears that privacy may help facilitate settlement.

Accordingly, the Warden, Litigation Coordinator, and other correctional staff as needed shall arrange for the upcoming settlement conference to be conducted confidentially, subject to reasonable security measures.[2]

Accordingly, based on the foregoing, IT IS ORDERED that:

1. Plaintiff's requests for the Court to sanction, admonish, and monitor nonparties is denied, without prejudice to Plaintiff filing a separate action or a motion to amend or supplement his complaint in this action.
2. Plaintiff's request for privacy in future settlement discussions is granted in part.
3. The Warden, Litigation Coordinator, and other correctional staff as needed shall arrange for the upcoming settlement conference, which is currently set on September 1, 2020, at 10:30 a.m., to be conducted confidentially, subject to reasonable security measures.

---

[2] For example, correctional staff may keep Plaintiff under visual surveillance during the conference and can periodically enter the room to check-in on Plaintiff (the conference can be paused during these check-ins).

4. The Clerk of Court is directed to send a copy of this order to the Warden of California State Prison, Corcoran, and the Litigation Coordinator at California State Prison, Corcoran.

IT IS SO ORDERED.

Dated:   **July 15, 2020**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE