UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL JONES MURPHY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. RODRIGUEZ, *et al.*,<br><br>　　　　　Defendants. | No. 1:19-cv-00206-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 47 at 15) |

　　　　Plaintiff John Paul Jones Murphy is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On April 14, 2020, the court adopted the findings and recommendations issued by the assigned magistrate judge (Doc. No. 19) and allowed this case to proceed "only on plaintiff's claims against defendant Amobi for deliberate indifference to plaintiff's serious medical needs in violation of his Eighth Amendment rights and against defendants Sanchez, Rodriguez, Vang, and Aguirre for negligence and for failure to protect in violation of plaintiff's Eighth Amendment rights."  (Doc. No. 27 at 2.)  On July 6, 2020, plaintiff filed an unauthorized reply to defendants' answer to the First Amended Complaint containing what the court construes as a motion for reconsideration in asking that the court "reinstate" defendants Goree, Randolph, and Bueno to this action.  (Doc. No. 47 at 15.)

1

Rule 60(b) governs the reconsideration of final orders of the district court and permits a district court to relieve a party from a final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, typically "not more than one year after the judgment or order or the date of the proceeding." *Id.* Such a motion should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (noting that reconsideration should be granted "sparingly in the interests of finality and conservation of judicial resources").  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion", "what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

/////

/////

/////

Here, plaintiff has failed to set forth any facts or law demonstrating why reconsideration should be granted.[1] Accordingly, plaintiff's motion for reconsideration (Doc. No. 47 at 15) is denied.

IT IS SO ORDERED.

Dated:  **July 29, 2020**

UNITED STATES DISTRICT JUDGE

---

[1] If plaintiff believes that additional facts have come to light that, if alleged in his complaint, would show that he has a cognizable claim against defendants Goree, Randolph, and Bueno, he may file a motion seeking leave to amend or supplement his complaint. If plaintiff files such a motion, he must explain what allegations he is attempting to add by amended or supplemented complaint and why such additional allegations are relevant to a claim he wishes to present. Finally, plaintiff should also attach a complete copy of the proposed amended complaint to any motion to amend he elects to file. *See* Local Rule 137(c).